WHITE EAGLE BREWING CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7826.  Promulgated March 26, 1927.

1. Book entry of appreciation in value of capital assets does not establish right to invested capital. *La Belle Iron Works* v. *United States*, 256 U. S. 377.

2. The fact that property was bought because the seller wanted to make a quick sale does not prove that the value exceeded the price paid.

*Harry E. Snyder*, Esq., for the petitioner.
*John W. Fisher*, Esq., for the respondent.

Deficiencies aggregating $4,266.04 for the fiscal years ended June 30, 1920, 1921, and 1922. (1) The Commissioner reduced invested capital by the amount of an appreciation of plant value and also reduced the March 1, 1913, value by the same amount as a basis for depreciation. (2) The Commissioner applied straight-line depreciation upon cooperage from 1914 and thus reduced the base of depreciation for the years in question. (3) The Commissioner disallowed deductions for alleged expense of repairing cases. The findings of fact are those proposed by the petitioner, with the exception that one such proposed finding has been omitted as not supported by the evidence and another has been changed for the same reason.

FINDINGS OF FACT.

The petitioner is an Illinois corporation with principal office at 3755 South Racine Avenue, Chicago.

In 1911, the petitioner purchased the present plant at 3755 South Racine Avenue, Chicago, for $100,000.

Prior to March 1, 1913, the petitioner revalued the plant and property, placing on its books a value of $150,350.

The Commissioner by agreement allowed the petitioner 15 per cent depreciation on floating cooperage for the fiscal years ending June 30, 1918, June 30, 1919, June 30, 1920, June 30, 1921, and June 30, 1922.

The Commissioner reestablished the reserve for floating cooperage, by taking a 15 per cent rate for the fiscal years ending June 30, 1914, June 30, 1915, June 30, 1916, and June 30, 1917.

The petitioner took as depreciation on floating cooperage for the fiscal year ending June 30, 1914, $1,078.83; June 30, 1915, $1,368.45; June 30, 1916, $1,781.90; June 30, 1917, $1,781.90.

Because the Commissioner reestablished a 15 per cent rate on floating cooperage for the fiscal years ending June 30, 1914, June 30, 1915, June 30, 1916, and June 30, 1917, the petitioner is deprived of depreciation in the fiscal years ending June 30, 1920, June 30, 1921, and June 30, 1922.

The petitioner spent certain amounts in respect of cases, to wit, $405.36 for the fiscal year ending June 30, 1921, and $1,222.22 for the fiscal year ending June 30, 1922, which amounts were capitalized in the bottle and case account.

### OPINION.

STERNHAGEN: That a book entry recording an appreciation in the value of capital assets above their original cost does not justify the inclusion of the amount in invested capital is too well established to require more than the citation of La Belle Iron Works v. United States, 256 U. S. 377.

The evidence is not sufficient to establish that on March 1, 1913, the property had a value in excess of its cost in 1910. It appears that the property was bought from the prior owner because a quick sale was desired, but it was bought in an outright business transaction after an offer was made of $100,000 by the purchaser, its consideration for several days by the seller, and its final acceptance. The purchaser believed the property was worth more, and its accountant advised it in the following year to place an added value upon the books. The evidence that there was such added value is in our opinion entirely insufficient to prove the fact. We, therefore, sustain the respondent.

Upon the issues as to the depreciation of the so-called " floating cooperage," by which is meant the barrels and boxes in the hands of customers, and the question of the alleged costs of repairs upon cases, the evidence is likewise insufficient. It consists entirely of the statement of an accountant who began the monthly and annual auditing of the petitioner's books in 1920, and he had no direct knowledge of the facts as to the earlier depreciation or as to the actual

repair of cases. He knew only that certain entries had been made and had examined the vouchers to see what the alleged repair expenditures purported to cover. What the facts were can not be determined from the record.

Upon all the issues raised the respondent is sustained.

*Judgment will be entered on 15 days' notice, under Rule 50.*